IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **MARKUS CARSON**<br><br>     **Plaintiff,**<br><br>v.<br><br>**AMERICAN EQUIPMENT COMPANY, INC.**<br><br>     **Defendant.** | Civil Case No.<br>Judge: |

### PLAINTIFF'S INTERROGATORIES PURSUANT TO LOCAL RULE 26.01

A.   State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

   **RESPONSE:**   Plaintiff is unaware of any subrogation interest in the claims.

B.   As to each claim, state whether it should be tried jury or nonjury and why.

   **RESPONSE:**   Claims in Plaintiff's Complaint should be tried by jury, to which he is entitled pursuant to the Seventh Amendment of the United States Constitution and 42 U.S.C. § 1981, the statute under which Plaintiff's claims are brought.

C.   State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

   **RESPONSE:**   Plaintiff is an individual; plaintiff is not a publicly owned company.

D.   State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

   **RESPONSE:**   This division is appropriate because Defendant does business relating to the events or omissions alleged in this Complaint, specifically, with a warehouse in Greenville, South Carolina at its headquarters, where the majority of events or omissions alleged in the Complaint took place.

E.  Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the mattes are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:**  Plaintiff is unaware of any related matters filed in this district.

Dated: October 15, 2019

Respectfully Submitted,

By: s/ Bakari T. Sellers

Bakari T. Sellers, Fed. Bar No. 11099
Strom Law Firm
2110 N. Beltline Boulevard
Columbia, South Carolina 29204
Phone: 803-252-4800
Fax: 803-252-4801
Bsellers@stromlaw.com
*Local Counsel for Plaintiffs*

Rebecca Houlding, Esq.
Shilpa Narayan, Esq.
Friedman & Houlding LLP
1050 Seven Oaks Lane
Mamaroneck, NY 10543
Telephone: 888.369.1119 ext. 5
E-mail: rebecca@friedmanhouldingllp.com

*To Be Admitted Pro Hac Vice*