IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MARKUS CARSON, | ) | CIVIL ACTION NUMBER: 6:19- |
| | ) | CV-02917-DCC-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EQUIPMENT COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant American Equipment Company, Inc. ("Defendant"), by and through its undersigned attorneys, and answers the Complaint of Plaintiff Markus Carson ("Plaintiff"), as follows:

## NATURE OF THE CASE

1.    Defendant admits Plaintiff purports to bring claims under the cited statute, but Defendant denies any violation of the statute.  Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## PARTIES AND JURISDICTION

2.    Defendant denies the allegations as stated in Paragraph 2 of the Complaint. Defendant affirmatively asserts Marcus Carson was employed by TRS.  TRS is a wholly owned staffing company of Fluor Corporation.  AMECO admits it is a subsidiary of Fluor Corporation. AMECO denies that it "employed" Marcus Carson.  Marcus Carson was assigned to a temporary position with TRS at AMECO.

3.    To the extent Paragraph 3 refers to AMECO, Defendant denies the allegations of Paragraph 3. Defendant is without sufficient knowledge or information as to the unnamed party TRS and denies all allegations related to TRS.

4.    Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.    Defendant admits its website states "with thousands of employees operating around the world" as of the date of the filing of this complaint. Defendant denies the use of the word employs as specifically stated in Complaint allegation Paragraph 6. Defendant craves reference to the actual language used on the website which has not been specifically referenced in the Complaint.

7.    Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant admits the allegations of Paragraph 8 of the Complaint.

9.    Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

### *AMECO Warehouse*

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies the allegation contained in Paragraph 12.

13.    Paragraph 13 of the Complaint neither defines "vast" nor the time period in question. Therefore, Defendant denies the allegation contained in Paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint does not define the relevant time period. Persons working in the warehouse changed during Carson's assignment to AMECO. As a result, Defendant is unable to admit or deny this allegation and therefore denies Paragraph 14. Defendant

affirmatively asserts and does admit that at certain times during Carson's assignment to AMECO there were three African Americans assigned to the warehouse.

15.     Defendant denies the allegation of Paragraph 15. Defendant AMECO affirmatively asserts that the warehouse is an open-floor facility. Computer work terminals exist on the external walls of the building. Management and other offices are in a raised location in the warehouse with glass windows to allow the warehouse floor to be viewed. Additional management offices are in other areas of the warehouse building.

16.     Defendant denies the allegations contained in of Paragraph 16 of the Complaint as stated.  Defendant avers Jerry Williams was the Senior Branch Manager.

17.     Defendant denies the allegations contained in of Paragraph 17 of the Complaint as stated.  Defendant avers Les Adams was the Warehouse Manager.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint as stated. Defendant avers that, while Adams is responsible for the warehouse, Defendant's process requires two levels of approval for employment actions, including disciplinary actions. Defendant admits Adams did report to Jerry Williams. All other allegations are denied.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

### AMECO and TRS as Joint Employers

22.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 as they relate to another corporate entity. Defendant AMECO does admit that it is aware that TRS is a wholly owned subsidiary of Fluor Corporation and that TRS did provide AMECO with temporary staffing.  All other allegations are denied.

23.     Defendant admits that it hires employees directly. AMECO admits that at it has used the temporary placement services of TRS, including to cover warehouse employees. All other allegations are denied.

24.     Defendant denies the allegations of Paragraph 24 as stated. Defendant AMECO affirmatively asserts that no position known as "warehouse technician" exists.   Depending on the job assigned, an AMECO forklift and other devices used to move large boxes of tools was used by certified persons in the warehouse. Additional tools were used by Tool Technicians, a position Carson did not hold.

25.     Defendant denies allegation 25 as stated. Defendant AMECO affirmatively asserts that no position known as "warehouse technician" exists. Defendant AMECO further affirmatively asserts that any TRS employee working temporarily at AMECO must follow all safety and other work rules of AMECO while on premise. AMECO denies that the same disciplinary policy applies to TRS employees. If AMECO is not satisfied with a TRS employee that employee is referred back to TRS.

26.     Paragraph 26 requires a legal conclusion. As such no response is required. To the extent a legal conclusion is required, Defendant denies the allegation.

27.     Defendant denies the allegations of Paragraph 26 as stated. Defendant AMECO affirmatively asserts that no position known as "warehouse technician" exists.   Defendant admits a temporary TRS employee would work in the warehouse with AMECO direct hire employees.

28.     Defendant denies Paragraph 28 for the limited purposes of on-site work at AMECO. AMECO has no information or knowledge as to the assignment of supervisors by TRS to temporary employees in the field at other operations for the limited duration of time the TRS employee is off-site.   Further, Defendant denies the allegations of Paragraph 28 as stated.

Defendant AMECO affirmatively asserts that no position known as "warehouse technician" exists. Defendant admits that Les Adams reviewed the work of TRS employees and would contact TRS if a problem with a TRS's employee work presented itself.

29.     Defendant admits Adams managed and oversaw the flow of tools and materials in and out of the warehouse. This required Adams to assign tasks to all persons assigned to work in the warehouse.  All other allegations are denied.

30.     Defendant admits Adams conducted performance reviews for AMECO direct hire employees. Defendant denies performance reviews were conducted for TRS temporary employees assigned to AMECO. Defendant AMECO admits it performed quality control on all tasks performed in the warehouse.

31.     Defendant admits TRS employee time was tracked and reported to TRS. Defendant AMECO affirmatively asserts it did not pay TRS employees or engage in any act regarding TRS employee pay other than reporting hours to TRS. All remaining allegations are denied.

32.     Defendant admits the allegations contained in Paragraph 32 of the Complaint. Defendant asserts TRS employees were also required to alert TRS if they were going to be late or absent.

33.     Defendant admits the allegations contained in Paragraph 33 of the Complaint.

### *Racially Hostile Work Environment*

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant has no knowledge of any statement by Mr. Fisher to Mr. Carson and therefore denies allegation 42 of the Complaint.

43.     Defendant has no knowledge of any such words used by Adams to Carson and denies the allegations contained in Paragraph 43. Defendant AMECO does affirmatively assert that the temporary position Carson filled was an entry level position for which the primarily duty was to load and unload trucks in the warehouse.

44.     Paragraph 44 is subject to a Motion to Strike.  As such, no response is required.  To the extent a response is required, Defendant denies the allegation contained in Paragraph 44 of the Complaint. Defendant affirmatively asserts that no such incident was every reported.

45.     Defendant denies the allegation contained in Paragraph 45 as stated.  Defendant affirmatively asserts that no complaint regarding any such comment was made prior to Carson's removal from AMECO. Defendant does acknowledge that a conversation about inter-racial marriage may have occurred between co-workers at some point in time during Caron's assignment to AMECO. All other allegations are denied.

46.     Defendant denies the allegation contained in Paragraph 46 as stated.  Defendant affirmatively asserts that no complaint regarding any such comment was made prior to Carson's removal from AMECO. Defendant acknowledges that a conversation about biracial children may have occurred between co-workers at some point in time during Caron's assignment to AMECO. All other allegations are denied.

47.     Defendant denies the allegation contained in Paragraph 47 of the Complaint.

48.     Defendant denies any knowledge the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49.     Defendant denies the allegation contained in Paragraph 49 as stated.  Defendant affirmatively asserts that no complaint regarding any such comment was made prior to Carson's removal from AMECO. Defendant acknowledges that a conversation about childhood experiences between co-workers in the warehouse may have occurred at some point in time during Caron's assignment to AMECO.   All other allegations in Paragraph 49 are denied.

50.     Defendant denies any knowledge of the allegations contained in Paragraph 50 and therefore denies the same.

51.     Defendant denies any knowledge of the allegations contained in Paragraph 51 and therefore denies the same.

52.     Defendant denies any knowledge of the allegations contained in Paragraph 52 and therefore denies the same.

53.     Defendant denies any knowledge of the allegations contained in Paragraph 53 and therefore denies the same. Defendant admits Wooten would view the news while on break.

54.     Defendant denies any knowledge of the allegations contained in Paragraph 54 and therefore denies the same.

55.     Defendant denies any knowledge of the allegations contained in Paragraph 55 and therefore denies the same.

56.     Defendant admits the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 as stated. Defendant denies that it had any knowledge of the allegations contained in Paragraph 57 at the time the events occurred and that no report or complaint was made regarding this isolated incident. Defendant admits that

Wooten did play a CD that contained the country song "If that Ain't Country" on a single day. Defendant denies any knowledge that the song was directed at Carson. All other allegations of Paragraph 57 are denied.

58.    Defendant admits that Wooten played the song on at least one occasion on a single day. All remaining allegations of Paragraph 58 are denied.

59.    Defendant has insufficient knowledge to admit or deny the source of the footage recorded and placed on you tube. Therefore, Defendant craves reference to the video itself. All remaining allegations are denied.

60.    Paragraph 60 is subject to a Motion to Strike.  As such, no response is required.  To the extent a response is required, Defendant denies any knowledge of the allegations contained in Paragraph 60 and therefore denies the same.

61.    Paragraph 61 is subject to a Motion to Strike.  As such, no response is required.  To the extent a response is required, Defendant denies any knowledge of the allegations contained in Paragraph 61 and therefore denies the same.

62.    Defendant denies any knowledge of the allegations contained in Paragraph 62 and therefore denies the same.

63.    Defendant denies any knowledge of the allegations contained in Paragraph 63 and therefore denies the same.

64.    Defendant denies any knowledge of the allegations contained in Paragraph 64 and therefore denies the same.

65.    Defendant denies any knowledge of the allegations contained in Paragraph 65 and therefore denies the same.

66. Defendant denies any knowledge of the allegations contained in Paragraph 66 and therefore denies the same.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies any knowledge of the allegations contained in Paragraph 55 and therefore denies the same.

69. Paragraph 69 is subject to a Motion to Strike. As such, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant admits Fisher did not observe any reprimand of Wooten. Defendant asserts disciplinary actions are confidential. All other allegations of Paragraph 70 are denied.

71. Defendant denies any knowledge of the allegations contained in Paragraph 71 and therefore denies the same.

72. Defendant denies any knowledge of the allegations contained in Paragraph 72 and therefore denies the same. Defendant affirmatively asserts that Carson made physically aggressive and threatening movements to other temporary and permanent workers in the warehouse.

73. Defendant denies any knowledge of the allegations contained in Paragraph 73 as stated and therefore denies the same. Defendant does assert that Carson made physically threatening movements toward multiple warehouse employees, including Wooten. As a result Wooten did indicate to Carson that he would defend himself if attacked.

74. Defendant denies any knowledge of the allegations contained in Paragraph 74 and therefore denies the same.

75. Defendant denies any knowledge of the allegations contained in Paragraph 75 as stated and therefore denies the same. Defendant acknowledges that Wooten does have a gun that

he calls "the Judge."  Defendant denies the gun is "always in my car" and all other allegations in Paragraph 75 of the Complaint.

76.    Defendant is unaware of the source of the picture in the Complaint and therefore denies its authenticity. Defendant further denies any knowledge of the allegations contained in Paragraph 75 as stated and therefore denies the same. All remaining allegations of Paragraph 76 are denied.

77.    Defendant denies the allegation contained in Paragraph 77 of the Complaint.

78.    Defendant denies any knowledge of the allegations contained in Paragraph 75 until such time as it received a draft copy of this complaint. Defendant asserts that at no point was a firearm brought into the AMECO facility.  All remaining allegations in Paragraph 78 are denied.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies any knowledge of the allegations contained in Paragraph 80 until such time as it received a draft copy of this complaint. Defendant admits that Wooten had discussed his firearm and the firearms of other persons working in the warehouse.  This included discussions and pictures of firearms owned and used by Carson.

81.    Defendant denies any knowledge of the allegations contained in Paragraph 81 and therefore denies the same.

82.    Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 86 of the Complaint, and therefore denies the same.

87.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 87 of the Complaint, and therefore denies the same.

88.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 88 of the Complaint, and therefore denies the same.

89.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 89 of the Complaint, and therefore denies the same.

90.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 90 of the Complaint, and therefore denies the same.

91.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 91 of the Complaint, and therefore denies the same.

92.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 92 of the Complaint, and therefore denies the same.

93     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 93 of the Complaint, and therefore denies the same.

94.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 94 of the Complaint, and therefore denies the same.

95.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 95 of the Complaint, and therefore denies the same.

96.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 96 of the Complaint, and therefore denies the same.

97.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 97 of the Complaint, and therefore denies the same.

98.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 98 of the Complaint, and therefore denies the same.

99.     Defendant denies Plaintiff faced any "threat" at AMECO.  Defendant is without knowledge or information sufficient to admit or deny the allegations regarding what Plaintiff may have "shared with his partner," and therefore denies the same.  Defendant denies any remaining allegations set forth in Paragraph 144 of the Complaint.

100.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 100 of the Complaint, and therefore denies the same.

101.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 101 of the Complaint, and therefore denies the same.

102.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 102 of the Complaint, and therefore denies the same.

*Discriminatory Retaliation and Discharge*

103.     Defendant admits Tyler Woodring, a Caucasian, was hired by AMECO in April 2018. Defendant denies the allegations contained in Paragraph103. Defendant affirmatively asserts that Tyler Woodring was hired as Tool Repair employee by AMECO in April 2018, aa job for which Carson had no qualifications.

104.     Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.     Defendant is without sufficient knowledge or information regarding when Carson obtained information on the employment status of Woodring. As a result, Defendant denies the same.

106.     Defendant admits the allegations as stated.  Woodring was 19 years old at the time of hire, was considered to be mechanically inclined and had electrical experience.

107.     Defendant denies Paragraph 107 of the Complaint.  Defendant affirmatively asserts forklift experience was not required for an entry level tool repair position.

108.     Defendant denies the allegations contained in Paragraph 108 of the Complaint. Defendant admits Carson complained that he was not hired for the tool repair position. No additional complaints were made during this meeting.  All remaining allegations in Paragraph 108 are denied.

109.     Defendant denies the allegations contained in Paragraph 109 of the Complaint as stated. Defendant does admit that Woodring was hired to perform tool repair, a different job from that which Carson was temporarily filling through TRS.  All remaining allegations in Paragraph 109 of the Complaint are denied.

110.     Defendant denies the allegations contained in Paragraph 110.

111.     Defendant denies the allegations contained in Paragraph 111.  Defendant does admit that a conversation occurred regarding Carson not obtaining the tool repair job filed by Woodring. As a result of that conversation, Adams did instruct Carson to talk with Williams, which Carson did.

112.     Defendant denies the allegations contained in Paragraph 112.

113.     Defendant denies the allegations contained in Paragraph 113.   Defendant affirmatively asserts that a letter was not presented to Williams. Further, Carson had direct access to TRS human resources without the assistance of Williams.

114.     Defendant admits that Williams did not inquire into any complaint about discrimination and affirmatively asserts no such verbal or written complaint by Carson was made

during this meeting or at any other time. This conversation was limited to the hiring of Tyler Woodring in Tool Repair and to Carson's potential to become an AMECO direct hire employee in the future when a position for which Carson was qualified became available. All remaining allegations of Paragraph 114 are denied.

115.    Defendant admits the allegations contained in Paragraph 115 and affirmatively asserts no written statement was presented at the meeting.  All other allegations in Paragraph 115 are denied.

116.    Defendant admits the allegations contained in Paragraph 116.

117.    Defendant admits that neither human resources nor management followed up with Carson after the meeting and affirmatory asserts there was no reason for human resources to follow up with Carson as no such written complaint by Carson was made during this meeting or at any other time.

118.    Defendant denies the allegations contained in Paragraph 118.

119.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 119 as no specific date has been identified and therefore denies the same. Defendant affirmatively asserts all hours worked by Carson were reported to TRS.  Defendant was not Carson's employer and was not responsible for payment to Carson.

120.    Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.    Defendant denies Paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in Paragraph 122.

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124.

125.    Defendant denies the allegations contained in Paragraph 125.

126.    Defendant denies the allegations contained in Paragraph 126.

127.    Defendant denies the allegations contained in Paragraph 127.

128.    Defendant denies the allegations contained in Paragraph 128.

129.    Defendant denies the allegations contained in Paragraph 129.

130.    Paragraph 130 is subject to a Motion to Strike.  As such, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 130.

131.    Paragraph 131 is subject to a Motion to Strike.  As such, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 131.

132.    Defendant denies the allegations contained in Paragraph 132.

133.   Defendant denies the allegations contained in Paragraph 133.

134.    Defendant denies the allegations contained in Paragraph 134 as stated and never made any promise of permanent employment to Carson. Defendant affirmatively asserts that Carson was free to apply for any open position at AMECO.  Carson never formally applied for any open position.  Adams did work with Carson in an attempt to train Carson such that Carson would be qualified to take an open position once available. Carson did not have the skill set to obtain any open position at AMECO during his assignment to AMECO by TRS.

135.    Defendant denies the allegations contained in Paragraph 135.

136.    Defendant admits the allegations contained in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 as stated.

138.    Defendant denies the allegations contained in Paragraph 138 as stated. Defendant affirmatively denies that Carson did, in fact, have the required qualifications and experience for any open position.

139.    Defendant denies the allegations contained in Paragraph 139 as stated.  Defendant affirmatory asserts that David Moon, a temporary employee hired by TRS and assigned to AMECO, did begin to work in the AMECO warehouse in Used Tool Receiving in third quarter of 2018.  All other allegations in Paragraph 139 are denied.

140.    Defendant admits Paragraph 140 of the Complaint.

141.    Defendant denies the allegations contained in Paragraph 141. Defendant affirmatively asserts Carson was not an employee AMECO. AMECO did not terminate Carson. AMECO did inform TRS it no longer wanted Carson assigned to work at AMECO. Due to TRS's failure to inform Carson he was not to report to AMECO before his next assigned shift, Adams did inform Carson he was no longer assigned to AMECO.

142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    The allegations set forth in Paragraph 143 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 143 of the Complaint, the assertion that Defendant was Carson's employer or that Defendant owed any additional compensation to Carson.

144.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 144 of the Complaint, and therefore denies the same.

145.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 145 of the Complaint, and therefore denies the same.

146.    The allegations set forth in Paragraph 146 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 146 of the Complaint.

**COUNT I:**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF 42 U.S.C. § 1981**

147.    Defendant repeats and reavers its answers to Paragraphs 1 through 146 of the Complaint, as if restated verbatim.

148.    The allegations set forth in Paragraph 148 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 148 of the Complaint.

149.    The allegations set forth in Paragraph 149 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 149 of the Complaint.

150.    The allegations set forth in Paragraph 150 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 150 of the Complaint.

**COUNT II:**
**RETALIATION**
**IN VIOLATION OF 42 U.S.C. § 1981**

151.    Defendant repeats and reavers its answers to Paragraphs 1 through 150 of the Complaint, as if restated verbatim.

152.    The allegations set forth in Paragraph 152 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies Carson engaged in any protected activity.

153.    The allegations set forth in Paragraph 153 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 153 of the Complaint.

154.     The allegations set forth in Paragraph 154 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 154 of the Complaint.

155.     The allegations set forth in Paragraph 155 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 155 of the Complaint.

## COUNT III:
## DISCRIMINATORY DISCHARGE
## IN VIOLATION OF 42 U.S.C. § 1981

156.     Defendant repeats and reavers its answers to Paragraphs 1 through 155 of the Complaint, as if restated verbatim.

157.     The allegations set forth in Paragraph 157 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits Plaintiff has brought a claim for discriminatory discharge, but Defendant denies it discriminatorily discharged Plaintiff or otherwise violated 42 U.S.C. § 1981 in any way.

158.     The allegations set forth in Paragraph 158 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 158 of the Complaint.

159.     The allegations set forth in Paragraph 159 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 159 of the Complaint.

## COUNT IV:
## FAILURE TO HIRE
## IN VIOLATION OF 42 U.S.C. § 1981

160.     Defendant repeats and reavers its answers to Paragraphs 1 through 159 of the Complaint, as if restated verbatim.

161.     The allegations set forth in Paragraph 161 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits Plaintiff has brought a claim for discriminatory failure to hire, but Defendant denies it unlawfully failed to hire Plaintiff or otherwise violated 42 U.S.C. § 1981 in any way.

162.     The allegations set forth in Paragraph 162 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 162 of the Complaint.

163.     The allegations set forth in Paragraph 163 of the Complaint contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 163 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to a reasonable opportunity for further investigation, inquiry and discovery, Defendant alleges the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove:

## FIRST AFFIRMATIVE DEFENSE

With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

AMECO was not the employer of Plaintiff.  AMECO had no direct employee–employer relationship with Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

AMECO and TRS are not joint employers

## FOURTH AFFIRMATIVE DEFENSE

All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, non-retaliatory, and reasonable business reasons that were in no way related to Plaintiff's alleged protected categories.

## FIFTH AFFIRMATIVE DEFENSE

If any improper, illegal, discriminatory, or retaliatory act were taken by any of Defendant's employees against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

## SEVENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant engaged in good faith efforts to comply with the civil rights laws.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out

in good faith based upon reasonable grounds for believing that such conduct was not in violation of Section 1981 or any other law, and therefore, Plaintiff fails to state a claim for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages under federal law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## TENTH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case would contravene Defendant's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant has in place a clear and well-disseminated policy against unlawful discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent a hostile environment based on race and correct promptly any discriminatory or harassing behavior (including having in place a clear and

well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Plaintiff unreasonably failed to take advantage of these preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

## FOURTEENTH AFFIRMATIVE DEFENSE

All alleged discriminatory conduct was by a non-supervisory employee of AMECO. Management level employees had no knowledge of the alleged harassment and the alleged harassment was not so pervasive that a reasonable employer would have had knowledge.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are, or may be, barred by the same actor and/or the same decision-maker defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to race.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times, Defendant's actions were lawful, justified, and made in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that if any of the allegations and unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff has accepted other employment and has been discharged for good cause from such employment, Plaintiff is barred from receiving equitable remedies including reinstatement to employment and recovery of back pay.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorney's fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

*[Signature block on following page]*

Dated this 21st day of January 2020.

Respectfully submitted,

s/Ashley P. Cuttino

Ashley P. Cuttino, Fed. I. D. # 9215
Luci L. Nelson, Fed. I.D. No. 10341

Attorneys for Defendant  American
Equipment Company, Inc.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC  29601
864-271-1300
864-235-8806
ashley.cuttino@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on January 21, 2020.

s/Ashley P. Cuttino
Ashley P. Cuttino